The next case for argument this morning is 10-1051 IRIS CORP v. JAPAN AIRLINES. Now, the way things have been set up in response to motions is that the government attorney has gotten 10 minutes to argue, and you graciously acceded to that, but in hindsight, it looks like you may have been shortchanged a little given the nature of the government's arguments. So, we'll add another five minutes if you need it to either your rebuttal time or your case in chief. So, let's hear from you, Mr. Weiss. Thank you. May I please look forward? The real issue in this case is whether the mere compliance with federal statutes or regulations that govern a particular industry, in this case the airline industry, provides a shield to patent infringement liability on the one hand, or enables a profit-making corporation to shift that liability from itself to the taxpayer. Can JAL comply with the government regulations without violating the patents? No. So, why is it your dispute really with the government? They're directing a business entity to violate a patent. Frankly, I don't understand what the problem with just suing the government in accordance with federal claims is anyway. Well, obviously prior to Zoltec V, we couldn't do that. Subsequent to Zoltec V, the question is, is mere compliance with federal statute or regulation enough to give subject matter jurisdiction to the... Well, I understand that's your technical legal argument, but as a practical matter, do you have objections to suing the government for damages here rather than JAL? No, and quite frankly, that obviously could be better for Iris Corporation. The question is, I know that parties cannot consent to subject matter jurisdiction. I know that the government said that the government is the one that should be sued, but parties can't agree on conferring subject matter jurisdiction to a court. This court obviously can say there is subject matter jurisdiction, and then there is. Why is this case different than the previous case that Iris had against the government? I know it's a different patent, but it seems very similar and related. That did go in the court of federal claims. That was a case where Iris sued the U.S. government for infringing a patent related to the electronic passport readers. So that was an apparatus patent. That apparatus was being used at points of entry at that time the Immigration and Nationalization Service used it. So we sued the U.S. government. They implemented 3M, the manufacturer of the reader, and the case was finally settled and royalties were paid to Iris for the reader, for the apparatus. But there was no question that that was manufactured for the U.S. government because the U.S. government bought the readers and used them at points of entry. Here, Japan Airlines personnel are not compensated by the government. Japan Airlines or none of the airlines gets any compensation for complying with this regulation. Is this checking of the electronic chip to come up the manifest and stuff were done by TSA agents, there would be no argument that this would be a suit against the government, right? Correct. And so the fact that the government has directed the airlines to do this additional stuff to help them in custom security, why is that any different? Because there are numerous regulations governing commercial airline operations. And what they're doing is the airline is complying with the regulations saying that when a passenger checks in... Is the thrust of your argument essentially that in order to be liable or to make it go to the court of federal claims, the government has to have some kind of contractual or agency relationship with the private party? That's what the cases seem to indicate. The cases cited by the government and the amicus, basically there was one case, advanced security, which involved fraudulent protection of U.S. Treasury checks. And obviously the jurisdiction was found because it was U.S. Treasury checks that were... But nobody said that it can't go a little further. I mean, isn't 1498 just says it has to be for the use of the government and with its authorization or consent? Right. This is clearly for the use of the government. Then in that case, any compliance with the federal statute of regulation would be for the government. Obviously you're doing it for any compliance, any statute of regulation. Is the problem that you think... I mean, one of the issues lurking here, and I know the district court phoned in your favor, was whether or not there was actual activity here that comported with 271G, i.e. whether there was a product and whether that was used. Right. Is part of what's driving your position here that you feel like you've got a stronger argument with respect to use when you're talking about Japan Airlines than you do with the government, that you realize that there's a problem going after the government for use? No, I don't see any problem with that. No. The district court correctly found that the passport's a product and using it for the purpose intended is use. Japan Airlines never cross-appealed the case. Well, they don't have to cross-appeal, right? I mean, if it's an alternative argument, I don't know that a cross-appeal would be appropriate here because it wouldn't expand the judgment. So we are talking about just making an alternative argument, which they've made, right? I think we cited the case of Lazar Kaplan v. Photoscribe in our reply brief on page 13, which said that although it is true you could use any argument to support the judgment of the court below, you can't do so if it would lessen the rights of the adversary. And, of course, it would lessen the rights of Iris Corporation if a passport weren't a product and if examination and using a passport weren't used because then we couldn't even sue the federal government. So you do have to cross-appeal under this court's precedent if the argument you're advancing would result in lessening the rights of an adversary. And certainly a different interpretation of product and use would lessen the rights of Iris. So I think that they should have cross-appealed if they wanted to challenge that, and they did not. But furthermore, there's no basis to find that it's not a product or not use. But I think jurisdictionally they come right within this court's case. So your view is that what Japan Airlines is doing here is presenting with a passport and then they examine the passport, and your view is that that's use under the statute? Yes, it's use under the statute as the district courts have found. And if there's a cost inherent to doing that by paying a royalty, I mean airlines are quite creative in passing costs on to passengers. So if you comply with a federal regulation or a federal statute and that results in a cost, I mean there were regulations passed after 9-11 because they were talking about the date of passage, such as securing the cabin doors of pilots, the secure panels that they now have on airline doors. If there are any patents that speak to that, according to the analysis of the court below, there would be a conflict. But I'm not talking about the conflict thing, and I see where you're going on that. I mean there is a problem that this argument could be taken too far. Anything an airline does to comply with a federal regulation is immune from a patent suit. But it seems to me that there's a narrower ground here. It's that the only way the airline can comply with U.S.-directed regulations and the like is to violate a patent method. If there's a choice of, for example, securing the cabin door using a patent method and a non-patent method, and the airline chooses to use the patent method, then of course they're subject to infringement because the U.S. is not mandating that the only way to do it is in violation of a patent. But you said at the outset the only way the JAL can check these passports and get the information it needs is to violate your patent. And that seems to me to be much closer to what's covered by 1498. Except with all of the cases that support subject matter jurisdiction for the Court of Federal Claims, which is obviously inherent in 1498A, are cases where there was either a contract with the federal government or a specific provision, like in the Hughes case cited by Japan Airlines, or there was, as I mentioned, the federal U.S. Treasury checks, or the case where there was a demonstration at one of the federal military facilities in the hope of getting a U.S. contract. There was some sort of almost respondeat superior relationship between the tortfeasor and the government. In this particular case, it's compliance with the federal regulation, where for the same analysis that IRIS could pay the royalty, there's no conflict. Would there be any difference here if the regulation said, in order to check these manifests, you have to use this specific method covered by patent X, which is your patent? Would you think that that would be directly subject to the government to liability under 1498? If in the regulation it said, the only way we'll accept you doing this is under this patented method? I don't see that from the cases that I've read. I'm not asking about the cases. I'm asking about your interpretation of 1498 and whether that is enough to be used for the authorization or consent of the government. No, I would say compliance with the regulation. If the regulation specifies direct the airline to use this patent method, that is not authorizing them to use that patent method? Well, the U.S. government doesn't have the authority to authorize someone to infringe another's patent. The U.S. has the authority to contract. No, it's not like they authorize them to infringe. They order them to practice the patent method. They can do that, and then you can sue them. So you think if in the regulation it says you must use this patented method, that doesn't come under 1498? I don't see why it would. What's the difference between putting that in a regulation as opposed to putting it into a contract? Both, as a matter of law, require them to practice the patented method. Because in the contract there is some consideration flowing from one party to the other party. Where in 1498 does it require consideration? 1498 doesn't, but on the general contract, your Honor asked if there were contracts. Yes, but 1498 doesn't say anything about limiting it to contracts. No, but 1498A says use for the federal government. It could very easily have said or compliance with federal statutes or regulations, but it doesn't say that. It just says use for the federal government. And there are numerous statutes and regulations that commercial entities comply with that does not necessarily provide for a shifting of liability to the taxpayer. But it provides for just compensation. Yes, it provides for just compensation. Is that what this case is all about in any case? Is your view that I think one difference, depending on who the defendant ought to be, is whether or not a license, a taking, is remedied by license and just compensation, or whether a more drastic remedy is available. As I said when I answered Judge Ayuso's question, I agree that if the federal government were liable, that would actually benefit IRIS. Our concern was that... You're not worried that there's going to be some kind of defense there that's going to get JAL off the hook, and then the government's not going to have to pay either? Right, I'm worried about the subject matter jurisdiction, because as I mentioned earlier, every case I've read said the parties cannot agree to confer a subject matter jurisdiction on the court. This court has the power to do that, but we don't have the power to do that. We can't say we agree. We can agree to personal jurisdiction. Well, you could say you agree with their legal argument. I mean, we still have to decide it. But it seems to me, I'm not quite sure why you're opposing their legal argument when you think it's better for you to be in the Court of Federal Claims. I mean, there's no way that the company can comply with this directive at the U.S.'s direction without violating your patent. Well, perhaps I'm being a bit too pedantic. I mean, I agree with Your Honor that if this court finds that there's subject matter jurisdiction in the U.S. Court of Federal Claims and resolves this case that way, then that would be the best resolution for IRIS. So I agree with that. So if this court finds that there is such subject matter jurisdiction, then IRIS would be in a position to obtain the just compensation that Your Honor mentioned. Why don't we hear from the government first? Thank you. Thank you. May it please the Court, I'm Dana Carson for the United States. We do submit that here 1498A is the exclusive remedy. This is used for the government. You know, that in part because I'm here telling you, we said in our briefs, we said in our Statement of Interest that this is used for the government. So you're not going to raise the sovereign immunity defense if this gets filed at the Court of Federal Claims? If this suit gets filed in Federal Claims, these suits under 1498A follow basically the same lines. I think under Zoltec V, there is liability for the United States under 271, for infringements under 271G. We would have other defenses as it's really used that haven't been, you know, we're not here to talk about today. But we do think that the suit against the United States under 1498A is appropriate. Can I ask you about your friend's, what I think is his legal position, that 1498 is limited to instances where the government has a contractual or agency relationship? Because it does seem that the case law really, that's where all the cases come in. But I don't see any limitation in 1498A to that. I agree, Your Honor. 1498A talks about any person, firm, or corporation that uses for the government and with the government's authorization consent. In advanced software design court, that authorization and consent came post hoc with the government's appearance in the case. In this case, we're talking also about a really unique regulatory scheme. This is not a situation where just because a regulation, safety regulation is out there that requires you to do something to do with patent technology, you can sue the government. This is a special... And where would you draw the line on that? Because I am a little concerned about how far down the line that goes. Because obviously there are, you know, hundreds and thousands of government regulations that require people to do things. Is it just because this one is so unique and there's no way of doing it outside of the patent method? So there's no way of doing it outside of the patent method. This is also they're collecting data, they're sending it to the government. The government is using that data for a really uniquely governmental purpose of protecting our borders, doing its immigration responsibilities, seeing who goes in and out of the country. Just like in advanced software design court, if they weren't doing this, we would have to do it. We have to know who is going in and out of our country. So this is really... This is a uniquely governmental function that we're talking about here and there's just no other way, according to IRS allegations, to do this. Let me ask you a hypothetical then. So the government obviously, some time ago, mandated seatbelts. And I assume that there are many patents covering seatbelts. But it didn't mandate a specific use. So I would assume you would say that that's not enough to get a patent holder into 1490... into the court that applies under 1498A. I would, Your Honor. I'm not sure that seatbelts are for the government in the same way. Right here, as I said, it's helping us fulfill this governmental function. There's no choice. So you're talking there about the for rather than how close the relationship is. So let me... If you'll bear with me, let me alter that a little because I want to see exactly where you are. If... Because this is about the for, I think. If the government decides tomorrow that there is one seatbelt that is superior to all seatbelts and it decides for the public health and safety it's going to mandate that seatbelt, where do you come out on that? I see that seems to be like this case where they can't do it without practicing the patent method. But then I sense some suggestion from you that that might not be specifically for the government. Right. That's where the other factors I'm talking about come into play. Now, for starters, we have come forward in this case, made an affirmative decision, that this particular use is, with our authorization and consent, is for the government, and that is entitled to quite a bit of weight here. Additionally, of course, these are uniquely governmental functions of border security, and we would have to do this just as in advance after sign court if they weren't doing it because we do have to know who is going in and out of the country. So does that mean that when there's not an agency or contractual relationship we're going to have to start looking into whether something's a kind of core government function or not to determine whether a jurisdiction is proper? Your Honor, as you're pointing out, there are a lot of tricky questions here. We don't need to get into them here because in this case we are here affirmatively taking the position that this particular use under this unique regulatory scheme. I'm just a little concerned that you're talking about what a government function this is because the whole notion of what's a core government function or not, I think, is perhaps not in this area of the law, but in other areas of the law it's very complicated. Your Honor, I think this is an easy case where we are here and we are here because of this unique regulatory scheme in which we have a core governmental function, we have no other way to do it, and all of those things coming together, particularly the fact that we have elected, we've made the affirmative decision to come here and assume responsibility for this lawsuit, viewing all of those things together, I think really does make this very different from seatbelt examples or any other general regulatory scheme. If there are no further questions, I would ask the Court to affirm the reasons stated in our brief. Thank you. Mr. Schill. Good morning, Your Honors. May it please the Court, Charles Schill for Japan Airlines. We request that the Court affirm the judgment below. We believe that, like the government, that Section 1498 is the proper basis upon which the Court should do so, and Iris' claim can be made against the U.S. in the Court of Federal Claims. One thing Judge Hughes and I wanted to try to clarify on this is Japan Airlines isn't being accused of infringing the patent by practicing the steps of the method. Here, the method is just a way to make a paper pamphlet with a security chip included in it. What Japan Airlines is being accused of doing is taking a passport from an individual who's traveling, looking at it, verifying the data in that passport just to identify the person. Mr. Schill, when you say to affirm, you don't agree with your colleague from the government? We do, Your Honor. We agree that the judgment below can be affirmed, but rather than on the basis that Judge Amon did, which was to affirm it, or to dismiss the case based on conflict of flaws, we believe it can be more properly now done so on the basis of 1498 because of the Court's change in the en banc decision in Zoltac V. So we agree. So you're not supporting the proposed remedy of transfer, is that right? No, we would not request that the Court transfer this case to the Court of Federal Claims. I don't think it could be done that way. I think it would have to be dismissed and IRIS would have to file a new case against the government under 1498. Okay. Proceed. Thank you, Your Honor. We believe this is precisely the kind of fact situation that's contemplated by 1498, that is, that the statute was designed to protect the government or to protect individuals from possible suits so that the government did not have to worry about receiving war materials, for example, at the time the statute was passed so that contractors would be afraid to deal with the government assuming that they might be accused of patent infringement. Here, Japan Airlines is performing a function under 8 U.S.C. section 1221 that is a governmental function and it's doing so for border security purposes, for national security. It's a function of the government, we believe, and therefore, properly the government is the party that should be sued in this case. We also believe that, you know, for the reasons stated by Judge Amon, that there is a conflict of laws and we also have other alternative arguments which we believe the court could support the dismissal of this case upon as well as 1498. But that seems to be the most expeditious way to do so. Any other questions, Your Honor? No, thank you. Thank you. Mr. White. Thank you, Your Honor. An amazing amount of consensus going on here, right? Yes. Well, obviously, as I mentioned to Your Honor, Judge Hughes, if this case were to be a 1498A case, that would be better for IRIS than the U.S. District Court. Our concern, which if this court finds jurisdiction was, as I mentioned earlier, we analyzed whether or not we could consent with the government and with the parties to confer subject matter jurisdiction on the U.S. Court of Federal Claims, and it appeared that we could not. I think it's 101 that you can't confer subject matter jurisdiction. Of course, this court can rule that there is subject matter jurisdiction. So if that were the resolution, that certainly would be in IRIS' favor. Second, I'm not sure, Your Honor, Judge Newman mentioned the transfer. I'm not sure if 1628 U.S.C. 1631 could be used here to transfer to the Court of Federal Claims because obviously we didn't sue the U.S. government. We sued Japan Airlines. We could not sue the U.S. government at the time because it was prior to SALT Act V. In fact, the only way to enforce the 271G prior to SALT Act V would be to sue someone like Japan Airlines. We would sue every individual passport holder, which would have been ludicrous. But, of course, subsequent to SALT Act V with the incorporation of 271G into 1498A, I believe a proper resolution would be U.S. Court of Federal Claims, and if there were a way that this court could transfer under 1631, that would be the best resolution. But if not, finding that there is subject matter jurisdiction in the Court of Federal Claims would enable us to commence suit there. I don't know if there are further questions. Thank you.